UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK,

                              Plaintiff,

              - against -

THE U.S. ENVIRONMENTAL PROTECTION
AGENCY,

                        Defendant.

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

1:20-CV-742 (TJM/CFH)

---

Plaintiff State of New York, by its attorney, Letitia James, Attorney General of New York (the State), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for declaratory, injunctive and other relief against the Environmental Protection Agency (EPA) for the agency's violations of its obligations timely to respond and produce documents responsive to the State's FOIA request concerning the implementation of two executive orders: Executive Order 13,771, entitled "Reducing Regulation and Controlling Regulatory Costs" (Jan. 30, 2017) and Executive Order 13,777, entitled "Enforcing the Regulatory Reform Agenda" (Feb. 24, 2017). Although these Executive Orders seek fundamentally to change how agencies administer federal laws by focusing on the costs of complying with regulations by industry, agency decisions implementing the Orders have not been conducted in a transparent way.

2.      EPA has failed adequately to respond to the States' FOIA request sent to it in late December 2018. The State seeks prompt release of the requested agency records from EPA, and other relief as set forth below.

1

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(E)(iii), and 28 U.S.C. § 1331.

4.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because the State resides in this district.

## PARTIES

5.     The State is a sovereign entity that brings this action on behalf of its citizens and residents and on its own behalf to understand and educate the public on how the Executive Orders are affecting how federal agencies prioritize their actions in implementing the statutes that Congress directed them to administer.

6.     Defendant EPA is an independent agency of the United States federal government with responsibility for environmental protection.  It is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  EPA has possession of and control over records that New York seeks and has requested pursuant to FOIA.

## STATUTORY AND REGULATORY BACKGROUND

7.     FOIA requires federal agencies to promptly make available to any person any requested records, except for those records that properly fall within one of the statute's exemptions. 5 U.S.C. § 552(a)(3)(A). FOIA promotes government transparency by requiring agencies to disclose records and imposing firm deadlines for the release of documents in response to FOIA requests.

8.      Once an agency receives a FOIA request, it has twenty business days to respond with a determination of whether such responsive documents exist and whether they may be released. 5 U.S.C. § 552(a)(6)(A)(i).

9.      An agency may only delay its response to a request in the event that "unusual circumstances" as defined by FOIA exist, such as "the need to search for and collect the requested records from field facilities." Even in this event, an agency may extend its time to respond by no more than ten days, unless it simultaneously provides the requester an opportunity to limit the scope of its request or an opportunity to arrange an alternative time frame for processing. 5 U.S.C. §§ 552(a)(6)(B)(i); (a)(6)(B)(ii); (a)(6)(B)(iii).

10.     If the agency fails to comply with the statutory time limits, the person making the request will be deemed to have exhausted their administrative remedies and may bring suit. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

11.     FOIA prohibits an agency that has failed to comply with the statutory time limits from charging search or duplication fees, unless "unusual circumstances" exist and more than 5,000 pages are needed to respond to the request. 5 U.S.C. §§ 552(a)(4)(A)(viii)(I), (a)(4)(A)(viii)(II)(bb).

12.     FOIA permits the Court to grant "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

13.     Federal agencies, EPA, have regulations implementing the provisions of FOIA. 40 C.F.R. §§ 2.104(a), and 2.104(d).

## FACTS

### The Executive Orders and the OIRA Administrator's Memorandum

14.     On September 7, 2017, Neomi Rao, then Administrator of the Office of Information and Regulatory Affairs (OIRA), within OMB, issued a memorandum prepared for Regulatory Reform Officers at Executive Departments and Agencies concerning the subject "FY 2018 Regulatory Cost Allowances," (Memorandum). The purpose of the Memorandum was to facilitate agency implementation of Executive Order 13,771. That Executive Order requires federal agencies to eliminate two regulations for every new regulation promulgated, and institutes a system of "regulatory cost caps" for the purpose of limiting costs to regulated entities.

15.     Executive Order 13,777 requires each federal agency to convene a Regulatory Reform Task Force to make recommendations to "make recommendations to the agency head regarding the[] repeal, replacement, or modification" of existing regulations, consistent with applicable law.

16.     In the Memorandum, Administrator Rao stated that Executive Order 13,771 requires the Director of the Office of Management and Budget to identify a regulatory cost allowance for each agency for Fiscal Year (FY) 2018. The Memorandum further states that "no regulations exceeding the agency's total incremental cost allowance will be permitted in that fiscal year, unless required by law or approved in writing by the Director."

17.     The Memorandum requests each executive department and agency to prepare a proposed total incremental cost allowance.  In the Memorandum, Administrator Rao also requested that each department and agency explain how it developed its proposed cost allowance and how that proposed allowance is consistent with Executive Orders 13,771 and 13,777.

18.     In an effort to understand how agencies are implementing these Executive Orders pursuant to the Memorandum, specially how they are valuing the costs of regulations and how the Executive Orders are affecting the ability of agencies to implement statutes that Congress has directed them to administer, in late 2018 and early 2019 the State sent FOIA requests to four agencies: The Department of the Interior (DOI), The Office of Management and Budget (OMB), the Department of Energy (DOE), and EPA seeking relevant records. The State subsequently received records from DOE and has already filed a complaint in the Northern District of New York seeking similar relief as to DOI and OMB, so those agencies are not named as parties in this lawsuit. *See New York v. U.S. D.O.I,* No. 1:19-cv-1551 (N.D.N.Y filed Dec. 16, 2019).

**The State's Request to EPA**

19.     On December 28, 2018, the State sent a FOIA request to EPA seeking records regarding EPA's implementation of the Executive Orders 13,771 and 13,777 and requesting all communications and information exchanged between OMB and EPA regarding the Executive Orders and the Memorandum. The information sought encompasses, *inter alia*, how EPA calculated its projected cost savings from eliminating regulations and how it performed cost-benefit analysis to determine what programs would be targeted for elimination under the Executive Orders. The State's FOIA request to EPA is attached hereto as ***Exhibit A***.

20.     On December 28, 2018, EPA acknowledged receipt of the request and assigned it the tracking number EPA-HQ-2019-002475. EPA's Government Information Specialist, Wendy Schumacher, informed the State via telephone that she would not be processing requests for the duration of the then-existing federal government shutdown for budgetary reasons.

21.     On December 31, 2018, EPA informed the State that its fee waiver was denied and that the request was still being processed.

22.     On January 29, 2019, the twenty-business-day deadline for EPA to issue a determination expired.  EPA did not issue a determination or request a ten-business-day extension.

23.     On February 27, 2019, Ms. Schumacher informed the State via telephone that the request had been assigned to the office of Jonathan Newton for processing. On April 19, 2019, the State emailed Mr. Newton requesting a status update, but did not receive a response. On June 12, 2019, the State again emailed Mr. Newton and Ms. Schumacher, and again received no response.

24.     On October 4, 2019, the State sent EPA correspondence demanding a full substantive response to the FOIA request in the next twenty days.  That correspondence noted that failure to provide the demanded substantive response in that time frame would result in the filing of the instant action.

25.     EPA responded on or about October 10, 2019 indicating it wanted to work with the State to provide a response to the State's FOIA request and avoid litigation.

26.     It was because of this representation that EPA was not included in the State's other case previously filed in the Northern District of New York against DOI and OMB.  *See New York v. U.S. D.O.I*, No. 1:19-cv-1551.

27.     Over the next several months, the State participated in numerous phone calls and exchanged several rounds of email communication with EPA with the goal facilitating EPA's production of documents responsive to the State's request.

28.     Despite repeatedly promising that document production would begin soon, EPA has not produced a single document responsive to the State's FOIA request to date.

29.     It has now been well over a year since the State submitted its FOIA request and EPA has become less responsive to the State's periodic requests for updates on when to expect documents.

30.     Thus, the State has exhausted all administrative remedies and EPA has failed to comply with the time limit under FOIA for issuing a determination regarding New York's request.


## CLAIM FOR RELIEF

### Violation of FOIA

31.     Paragraphs 1-30 are realleged and incorporated herein by reference.

32.     EPA's failure substantively to respond to the State's December 28, 2018 request for records violates FOIA, 5 U.S.C. §§ 552(6)(A)(i) and 552(6)(B)(i), and EPA's implementing regulations, 40 C.F.R. §§ 2.104(a) and 2.104(d).

## PRAYER FOR RELIEF

WHEREFORE, the State respectfully requests that this Court grant the following relief:

1.     Declare that EPA's failure to respond to the State's FOIA requests are unlawful;

2.     Direct EPA to promptly make available to the State all responsive, non-exempt agency records;

3.     Retain jurisdiction over this action to rule on any assertions by EPA that any responsive records, in whole or in part, are exempt from disclosure;

4.     Award the State its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5.     Grant such other relief as this Court may deem just and proper.


Dated: July 2, 2020
      Albany, NY

                                    Respectfully Submitted,

                                    LETITIA JAMES
                                    Attorney General

*/s Brendan McGrath*_____
MICHAEL J. MYERS
Senior Counsel
BRENDAN MCGRATH
Assistant Attorney General
Environmental Protection Bureau
New York State Office of the Attorney General
The Capitol
Albany, NY 12224
Tel:  (518) 776-2424
Email:  Brendan.McGrath@ag.ny.gov